```
 1              UNITED STATES DISTRICT COURT

 2           EASTERN DISTRICT OF NORTH CAROLINA

 3                    EASTERN DIVISION

 4

 5   UNITED STATES OF AMERICA      )    ORIGINAL

 6                                 )

 7                                 )

 8          V.                     )  4:12-CR-57-D-3

 9                                 )

10                                 )

11   DEMARIO QUIENTEL WILLIAMS      )

12

13           TRANSCRIPT OF SENTENCING PROCEEDINGS

14                   November 18, 2014

15                8:59 a.m. - 9:34 a.m.

16      Before Chief District Judge James C. Dever III

17

18   APPEARANCES:
        For the Government:
19   John H. Bennett, Esquire
        Assistant U.S. Attorney
20   310 New Bern Avenue, Suite 800
        Raleigh, NC 27601
21
        For the Defendant:
22   James A. Martin, Esquire
        201 South Evans Street
23   Suite 153
        Greenville, NC 27858
24
     Reported by: Leslie Christian
25   Stenograph with Computer-Aided Transcription
```

**Huseby, Inc.**                                    **www.huseby.com**
**1230 West Morehead Street, #408, Charlotte, NC 28208**          **(704) 333-9889**
Case 4:12-cr-00057-D   Document 174   Filed 01/16/15   Page 1 of 26

1                    P R O C E E D I N G S

2                    THE COURT:  Good morning and welcome

3    to the United States District Court for the Eastern

4    District of North Carolina.  The first matter I will

5    take up is the sentencing of Demario Williams.

6    Good morning, Mr. Bennett.  Good morning, Mr. Martin.

7                    MR. MARTIN:  Good morning.

8                    THE COURT:  Mr. Martin, are you and

9    Mr. Williams ready to proceed?

10                   MR. MARTIN:  Yes, Your Honor.

11                   THE COURT:  Mr. Bennett, is the

12   government ready?

13                   MR. BENNETT:  We are, Your Honor.

14   Thank you.

15                   THE COURT:  At this time I would ask

16   that Mr. Williams be sworn or affirmed.

17

18                   DEMARIO QUIENTEL WILLIAMS,

19   Was duly sworn or affirmed.

20

21                   THE COURT:  Mr. Williams, do you

22   understand that having been sworn that your answers to

23   my questions are subject to the penalty of perjury?

24                   MR. WILLIAMS:  Yes, sir.

25                   THE COURT:  Have you taken any kind of

Huseby, Inc.                              www.huseby.com
1230 West Morehead Street, #408, Charlotte, NC 28208      (704) 333-9889
Case 4:12-cr-00057-D   Document 174   Filed 01/16/15   Page 2 of 26

1  medicine or any other substance in the last 48 hours

2  that would affect your ability to hear and understand

3  these proceedings?

4                    MR. WILLIAMS:  No, sir.

5                    THE COURT:  Do you know why you're

6  here today?

7                    MR. WILLIAMS:  Yes, sir.

8                    THE COURT:  Mr. Martin, do you have

9  any reason to doubt Mr. Williams's competence to go

10  forward today?

11                    MR. MARTIN:  No, Your Honor.

12                    THE COURT:  Mr. Bennett, do you have

13  any reason to doubt Mr. Williams's competence to go

14  forward today?

15                    MR. BENNETT:  No, Your Honor.

16                    THE COURT:  Based on Mr. Williams's

17  answers to my questions, my observation of Mr. Williams

18  and the answers from counsel I find that Mr. Williams

19  is competent to go forward here today.

20                    Mr. Williams, as you know, you have

21  entered a plea of guilty to two charges.  The first

22  charge is interfering with commerce by robbery and

23  aiding and abetting.  The second charge is using or

24  carrying a short-barrelled firearm during the relation

25  of a crime of violence and aiding and abetting.  You

Huseby, Inc.                    www.huseby.com
1230 West Morehead Street, #408, Charlotte, NC 28208        (704) 333-9889
Case 4:12-cr-00057-D   Document 174   Filed 01/16/15   Page 3 of 26

1  entered a plea of guilty to those charges in this

2  court.  In light of some cases from the Supreme Court

3  of the United States including the Booker, Rita, Gall,

4  Kimbrough, Spears and Nelson cases the sentencing

5  guidelines are no longer mandatory, they're advisory.

6  In accordance with those cases are cases from the

7  Fourth Circuit including the Carter, Pauly and Evans

8  cases the sentencing court still must take into account

9  the now advisory guidelines.

10                 The Court does this by initially

11  making findings of fact and calculating the advisory

12  guideline range.  I will then consider any motion that

13  might be made that might move the range either up or

14  down.  I will then consider all arguments your lawyer

15  makes, any statement you would like to make, any victim

16  allocution and the arguments that Mr. Bennett makes on

17  behalf of the United States.  I will then determine

18  your sentence and announce it here in court today.

19  That will be the process we'll follow.  Mr. Martin, did

20  you receive a copy of the presentence report?

21                 MR. MARTIN:  Yes, Your Honor.

22                 THE COURT:  And, Mr. Williams, did you

23  receive a copy of that report?

24                 MR. WILLIAMS:  Yes, sir.

25                 THE COURT:  And did you speak with

Huseby, Inc.                           www.huseby.com
1230 West Morehead Street, #408, Charlotte, NC 28208        (704) 333-9889
Case 4:12-cr-00057-D   Document 174   Filed 01/16/15   Page 4 of 26

1   Mr. Martin about the report?

2                   MR. WILLIAMS:  Yes, sir.

3                   THE COURT:  At this time the Court

4   will ask that the presentence report be placed in the

5   record under seal.  In accordance with the Federal Rule

6   of Criminal Procedure 32 the Court accepts as accurate

7   the presentence report except those matters in dispute

8   as set forth in the addendum.  I have reviewed the

9   entire report including the addendum.  The addendum

10  states that neither the government nor the defense

11  objects to it.  Mr. Martin, is it still the case, no

12  objections from the defense?

13                  MR. MARTIN:  Yes, Your Honor.

14                  THE COURT:  Is that correct,

15  Mr. Williams?

16                  MR. WILLIAMS:  Yes, sir.

17                  THE COURT:  And no objections from the

18  government; is that correct?

19                  MR. BENNETT:  No, Your Honor.

20                  THE COURT:  For purposes of Booker as

21  described the Court calculates the advisory guideline

22  range as follows.  The total offense level is 21.  The

23  criminal history category is one.  The advisory

24  guideline range on Count 1 is 37 to 46 months.  The

25  range on Count 2 is 120 months consecutive to whatever

Case 4:12-cr-00057-D  Document 174  Filed 01/16/15  Page 5 of 26

1  the sentence is on Count 1.  Does the government object

2  to that advisory guideline range?

3              MR. BENNETT:  No, Your Honor.

4              THE COURT:  Does the defense object to

5  that advisory guideline range?

6              MR. MARTIN:  No, Your Honor.

7              THE COURT:  I'll hear from the

8  government in connection with its motion under section

9  5K1.1 U.S.C. Section 3553(e).

10             MR. BENNETT:  Thank you, Your Honor.

11 As to the details of the cooperation, again, I have to

12 defer to Attorney Colleen Janssen from Wake County who

13 will give the Court the details of Mr. Williams's

14 cooperation with the State.

15             MS. JANSSEN:  Good morning.  I know

16 that Your Honor knows the background facts in this case

17 so I won't go into too much detail about all that.  If

18 you have any questions I would be happy to answer them.

19 As a brief summary for the record, Mr. Williams was

20 part of a crew -- a four-man -- basically a four-man

21 robbery crew had committed a series of robberies in

22 Wake County as well as the robbery that they're charged

23 with in Greenville that we're here for today.

24             Along the way one of those robberies

25 ended up culminating in a homicide.  As the

Huseby, Inc.                                    www.huseby.com
1230 West Morehead Street, #408, Charlotte, NC 28208      (704) 333-9889
Case 4:12-cr-00057-D   Document 174   Filed 01/16/15   Page 6 of 26

1   investigation went through this defendant as well as

2   three others were identified as the folks involved in

3   this series of robberies.  This defendant Mr. Williams

4   ultimately was the second principal in the robbery that

5   culminated in the homicide.  He was not the shooter,

6   but he was present and inside the convenience store

7   when that took place.  These were all convenience

8   store, minimart-type robberies either attached to gas

9   stations or -- actually the homicide one itself was a

10  standalone.

11              This group was also responsible for a

12  home invasion in Wake County.  This defendant had

13  actually pled guilty as to being a part of that home

14  invasion.  That was actually the only other robbery

15  outside of the night of the homicide that this

16  defendant played any type of active role.

17              And even in that instance he was not a

18  gunman or a principal but kind of a way in the door for

19  some folks behind him.  What I would tell you about

20  this young man is that out of the group of four he

21  participated in the very least amount of the criminal

22  activity that group is responsible for.

23              Now, that is not to excuse his conduct

24  because he certainly knew what his brother and the

25  other ones were up to.  And I don't think that he

Huseby, Inc.                                    www.huseby.com
1230 West Morehead Street, #408, Charlotte, NC 28208      (704) 333-9889
Case 4:12-cr-00057-D   Document 174   Filed 01/16/15   Page 7 of 26

1   attempted to discourage them in the least but by all

2   accounts both from himself and from speaking to the

3   other two members of the group that cooperated and

4   testified in the homicide as well as their brothers

5   that were also involved.

6                    While he was perhaps the second most

7   culpable person in the robbery that resulted in the

8   homicide he was probably the very least of the

9   criminals in that group.  By all of their accounts he

10  was -- he kind of tried to stay away from it himself,

11  and for the majority of the time he was in school and

12  was attempting to do the right thing.  He unfortunately

13  has strayed a little bit from that path and did not --

14  for whatever reason he himself participated on the

15  night in question and actually went inside the

16  Greenville Food Lion which is what we're here for today

17  and he was the driver.

18                    And as far as I can tell from my

19  review of the 16 robberies at least that we were able

20  to find -- and certainly that doesn't mean there

21  weren't others -- those were the only two commercial

22  robberies that he actually participated in and they

23  ultimately ended up being the two that had the worst

24  consequences.

25                    His cooperation at the state level was

Huseby, Inc.                                www.huseby.com
1230 West Morehead Street, #408, Charlotte, NC 28208    (704) 333-9889
Case 4:12-cr-00057-D   Document 174   Filed 01/16/15   Page 8 of 26

1   complete and thorough.  He was the last of the three

2   that I approached about cooperating.  His cooperation

3   came late in the game but that was due to me not -- it

4   was not -- his cooperation was not asked for initially,

5   and we initially did not know how we were going to

6   proceed with him.  I will tell you that once he was

7   approached with a plea offer and the chance to

8   cooperate within 48 hours he was sitting down with the

9   homicide detective and telling them what I believe to

10  be a truthful account of what happened.

11              Over the course of the following seven

12  months he met with me and my investigators two or three

13  times to prepare for trial.  He was forthcoming and

14  truthful and not at all self-minimizing about his own

15  role in the events.  And when he was called upon to do

16  so he testified.  I believe that his testimony in

17  particular was very powerful for my jury because while

18  it was a case where the homicide was captured on video

19  the video was not close up enough nor at an angle

20  enough to see faces, and the other men had their faces

21  covered.  So outside of the three folks that testified

22  there was really no true way to identify them.  There

23  were no fingerprints.  There was no DNA.  There was

24  nothing else.

25              The testimony of this defendant in

**Huseby, Inc.**                    **www.huseby.com**
**1230 West Morehead Street, #408, Charlotte, NC 28208**    **(704) 333-9889**
Case 4:12-cr-00057-D   Document 174   Filed 01/16/15   Page 9 of 26

1  particular Mr. Williams -- coming in and looking at

2  that video screen and telling the jury that's me right

3  there in the hoodie and with the bandana across my face

4  and right next to me that's Steven Cooley -- I think

5  had a profound effect.  And while all three of their

6  cooperation I think was probably necessary for the

7  conviction I think that for that reason because the

8  defendant was also an active participant and was able

9  to point out himself in that situation I think was

10  profoundly valuable to the State's case.

11             MR. BENNETT:  Your Honor, I just want

12  to follow up that my representation is contained within

13  the motion and that we would ask that you do that today

14  which would be an identical sentence that you sentenced

15  Mr. Haddock approximately a month and a half ago.

16             THE COURT:  Thank you.  I will grant

17  the government's motion.  It doesn't mean that I will

18  accept the specific recommendation, but Mr. Williams

19  will get credit for the substantial assistance that he

20  did provide here.  At this time I'll hear from

21  Mr. Martin.

22             MR. MARTIN:  Thank you, Judge.  This

23  case is absolutely tragic on so many different levels.

24  It's very hard for me to capture it in a few brief

25  words and a few brief moments within this court.  And

Huseby, Inc.                          www.huseby.com
1230 West Morehead Street, #408, Charlotte, NC 28208      (704) 333-9889
Case 4:12-cr-00057-D   Document 174   Filed 01/16/15   Page 10 of 26

1    not only did an innocent person lose their life, not

2    only were numerous institutions robbed and greatly

3    financially disabled but my client has trashed his

4    life.  And this is a huge tragedy even in the context

5    of the laws of this case.  My client has no deplorable

6    criminal history up to this point.

7                    He clearly has had contacts with the

8    law leading up to this, but he had no deplorable

9    criminal history.  He was going to college and he was

10   trying to improve himself, and for some reason he

11   responded to the call and went over and tagged along on

12   a couple of these robberies and they were horribly,

13   horribly wrong.

14                    Just from my interactions with him he

15   is smart; he is bright; he is sharp and he is

16   realistic.  He has never once ever, ever tried to make

17   an excuse for what happened in this case.  He is

18   overcome with the weight, with the reality of this

19   case, how it's damaged him and how it's damaged other

20   people.  He has asked for nothing from me, the

21   attorneys this entire representation.  By the time I

22   met him I was not involved with his cooperation.  I was

23   not involved with his willingness to come forward.  He

24   did this all on his own.  So I inherited him.  I

25   inherited him in the position that he was in this case.

Huseby, Inc.                          www.huseby.com
1230 West Morehead Street, #408, Charlotte, NC 28208      (704) 333-9889
Case 4:12-cr-00057-D   Document 174   Filed 01/16/15   Page 11 of 26

1          And we are asking for the Court to

2    please consider the recommendation of the government.

3    We are grateful for both of these prosecutors -- both

4    of their assistance keeping their words in this case is

5    fantastic.  But I am requesting that you give him

6    another chance of life.  Give him a sentence that he

7    can survive, that he can get through and still have

8    some of his life left.  And in particular I would ask

9    that you consider no fine in this case.  Please

10   consider the intensive drug treatment program as a

11   recommendation in his sentence.

12          Also, I would like you to consider

13   putting in your order that the sentence is to run

14   concurrently with the State's sentences that are to be

15   issued at a later time.  In paragraphs 18 and 19 of the

16   presentence report there are at least three cases and

17   I'll just name them briefly here.  12-CRS-204989,

18   12-CRS-204988 and 13-CRS-9233.  I don't know for sure

19   if there's any other pending state cases, but please

20   consider running his federal case concurrent.

21          Also, if you could place in the

22   judgment that -- if you could order that his place of

23   service of sentence be in North Carolina Department of

24   Corrections in addition to the Federal Bureau of

25   Prisons so that he can immediately start serving his

Huseby, Inc.                                    www.huseby.com
1230 West Morehead Street, #408, Charlotte, NC 28208      (704) 333-9889
Case 4:12-cr-00057-D   Document 174   Filed 01/16/15   Page 12 of 26

1  sentence because I believe he's going to be placed back

2  in State custody.  I believe that's up to -- that the

3  judge can do this.

4               Your Honor, you have the discretion to

5  order that the place of service be not only the Federal

6  Bureau of Prisons but the State Department of

7  Corrections.  And then a couple of things.  One is

8  allow him to immediately start serving his time even if

9  he's in state custody.  And then we also will have the

10 Federal Bureau of Prisons to award him day-per-day

11 credit once he finally gets -- if he has to be

12 transmitted back from DOC back into the BOP at a later

13 date.  There's a possibility that if he goes into the

14 Department of Corrections his sentence stays in the

15 state system.  The Bureau of Prisons may not pick him

16 up for years.

17               If we don't put this language into the

18 judgment then there's a possibility that the Bureau of

19 Prisons will just say, okay, you served on your state

20 sentence and not give him any credit for that time and

21 they'll put him back in and start serving the federal

22 sentence.

23               So I'm just trying to ask for

24 provisions that will allow him to get credit to get

25 concurrent sentences.  I'm just trying to make it work.

Huseby, Inc.                              www.huseby.com
1230 West Morehead Street, #408, Charlotte, NC 28208      (704) 333-9889
Case 4:12-cr-00057-D   Document 174   Filed 01/16/15   Page 13 of 26

1   That's all I'm really trying to do.  And if the

2   prosecutors in this case make suggestions I would be

3   happy to hear them.

4                    MR. BENNETT:  Your Honor, actually, on

5   that topic is that the district attorney's planning to

6   aggregate or to eliminate the state bond.  He'll be

7   sentenced on that this week and then he'll immediately

8   come into federal custody as this time.

9                    THE COURT:  How are these charges

10  going to be resolved in the state court?

11                   MS. JANSSEN:  Your Honor, he will

12  receive a -- the sentencing is ultimately left up to

13  the trial judge but I anticipate that --

14                   THE COURT:  Paragraph 18 and 19 of the

15  PSR.  If you can, show that to Mr. Bennett.  Those

16  paragraphs say the charges are pending.

17                   MS. JANSSEN:  They are.  He has pled

18  guilty but has not yet been sentenced.

19                   THE COURT:  What did he plead guilty

20  to?

21                   /STKPWR:  He plead guilty to one count

22  of second-degree murder and robbery with a dangerous

23  weapon and two counts of conspiracy and robbery with a

24  dangerous weapon.

25                   THE COURT:  Say that again.

Huseby, Inc.                          www.huseby.com
1230 West Morehead Street, #408, Charlotte, NC 28208      (704) 333-9889
Case 4:12-cr-00057-D   Document 174   Filed 01/16/15   Page 14 of 26

1    Second-degree murder and what else?

2                    MS. JANSSEN:  Robbery with a dangerous

3    weapon and conspiracy to commit robbery with a

4    dangerous weapon.  And all of that was in connection to

5    the robbery and homicide on December 2nd, 2011.  Then a

6    separate count of conspiracy to commit robbery with a

7    dangerous weapon for an event that took place on

8    December 6th of 2011.  His agreement with the State was

9    that the sentencing judge -- that the sentence would be

10   in the discretion of the sentencing judge but that he

11   shall receive no less than a combined total of 180

12   months.

13                    My intention at this time given that

14   he has in my opinion fulfilled every aspect of his

15   agreement with the State is that that is exactly what I

16   will ask the sentencing judge for is 180 months.  I

17   obviously don't have a crystal ball but my belief is

18   that the sentencing judge will do exactly that.  When

19   Mr. Haddock was sentenced in State Court I asked for

20   exactly the minimum that he had been offered and that

21   is what the judge gave.  My anticipation is that he

22   will receive 180 months minimum.

23                    THE COURT:  Mr. Bennett, is the United

24   State's position that you think it should run

25   concurrently?

Huseby, Inc.                                    www.huseby.com
1230 West Morehead Street, #408, Charlotte, NC 28208      (704) 333-9889
Case 4:12-cr-00057-D   Document 174   Filed 01/16/15   Page 15 of 26

1           MR. BENNETT:  It is, Your Honor.

2           THE COURT:  Why is that?

3           MR. BENNETT:  Your Honor, it's the

4   same -- we believe it's in the same posture as

5   Mr. Haddock was and you recommended that they run

6   concurrently as well.  It's all from the same general

7   course of conduct -- the same scheme of course of

8   conduct or activity.  And as part of his cooperation --

9           THE COURT:  Haddock -- did he plead

10  guilty to second-degree murder?

11          MS. JANSSEN:  Mr. Haddock did not

12  plead guilty to anything in connection to the December

13  11th case.

14          THE COURT:  He was the person who was

15  very smart and had a good memory and even though

16  everybody changed outfits every robbery he remembered

17  everybody's clothing, etc.  I remember.  So tell me why

18  -- so it seems that Mr. Haddock is different than

19  someone who is convicted of second-degree murder.  At

20  least I think common sense suggests to me that a person

21  who is guilty of second-degree murder is different.

22          MR. BENNETT:  Your Honor, your common

23  sense is absolutely correct on that.  I argue that he

24  is -- that it is the same as Mr. Haddock.  Again, all

25  we are -- we've made a recommendation given his

Huseby, Inc.                          www.huseby.com
1230 West Morehead Street, #408, Charlotte, NC 28208    (704) 333-9889
Case 4:12-cr-00057-D   Document 174   Filed 01/16/15   Page 16 of 26

1   cooperation.  We just ask that your sentence be made to

2   run concurrently to the State's sentence.  That's based

3   on the cooperation he gave as laid out by

4   Ms. Janssen -- the significance of his testimony in

5   obtaining the conviction of Mr. Cooley being convicted

6   of first-degree murder.  We obviously understand the

7   Court's concern with that.  We're not taking that

8   lightly at all.  We're just basically informing of the

9   nature of his cooperation.

10                  THE COURT:  Have the victims of this

11  robbery been notified?

12                  MR. BENNETT:  They have, Your Honor.

13                  THE COURT:  Any of them here?

14                  MR. BENNETT:  No, Your Honor.

15                  THE COURT:  Mr. Martin.

16                  MR. MARTIN:  Yes, Your Honor.  I think

17  it's important to keep in perspective the factual

18  posture of my client.  Again, tragic consequences, poor

19  judgment.  He is guilty of second-degree murder by

20  virtue of accomplice liability, not by virtue of

21  holding the firearm, pointing it at a person, pulling

22  the trigger.  That's not what he did.  He was merely

23  present during the crime, was part of the crime, an

24  accomplice.  And we're all familiar with the felony

25  murder rule.  It's a horrible thing, but I think at the

Huseby, Inc.                                 www.huseby.com
1230 West Morehead Street, #408, Charlotte, NC 28208        (704) 333-9889
Case 4:12-cr-00057-D   Document 174   Filed 01/16/15   Page 17 of 26

1  --

2                    THE COURT:  It actually makes sense,

3  right.  When you hunt with the pack you're responsible

4  for the kill.

5                    MR. MARTIN:  Absolutely.

6                    THE COURT:  When you hunt with the

7  pack you're responsible for the kill.

8                    MR. MARTIN:  But, Judge, at the

9  sentencing phase -- we're at the sentencing phase.

10                    THE COURT:  Mr. Martin, I know where

11  we are.

12                    MR. MARTIN:  I understand, but I'm

13  trying to gently push that he was not tearing at the

14  victim's throat.  He was not pulling the trigger.  And

15  I think the Court should -- please should take that

16  into account when fashioning a sentence for my client.

17  Give this man another chance.  Give this man an

18  opportunity to overcome this incredibly huge error of

19  judgment and to put tos tragedy at least far enough

20  behind him so he can try and gather at least his life's

21  endeavor when the sentences are done.

22                    I think that justice can be served.

23  There can be deterrence; there can be all that by

24  concurrent sentences in this case especially in light

25  of his cooperation.  Totally independent, on his own,

Huseby, Inc.                          www.huseby.com
1230 West Morehead Street, #408, Charlotte, NC 28208      (704) 333-9889
Case 4:12-cr-00057-D   Document 174   Filed 01/16/15   Page 18 of 26

1  no attorneys were questioning him or prodding him.  He

2  knew what happened.  He was like, oh.  He was crushed.

3  He knew.  He has accepted completely his responsibility

4  for this conduct in all these cases.  So please, please

5  keep that in perspective in your sentencing him.

6                    THE COURT:  I'll hear from

7  Mr. Williams if you would like to make a statement,

8  sir.

9                    MR. WILLIAMS:  Your Honor, I just want

10  to say that I won't try to downplay the events or none

11  of my crimes that I committed.  I take full

12  responsibility.  I know it was bad judgment that night

13  and also that I felt bad about it and I know somebody

14  shouldn't have died that night.  At the end of the day

15  he still should be here to this day.  I feel -- I do

16  feel bad about that, and I just ask for forgiveness

17  every day for that situation.  I think about it every

18  night and every day and ask for a second chance.

19                    THE COURT:  All right.  Thank you,

20  sir.  Mr. Bennett.

21                    MR. BENNETT:  Your Honor, I think

22  we've added everything we need to say and the Court has

23  that contained within the motion.  Thank you, Your

24  Honor.

25                    THE COURT:  All right, Mr. Williams.

Huseby, Inc.                          www.huseby.com
1230 West Morehead Street, #408, Charlotte, NC 28208      (704) 333-9889
Case 4:12-cr-00057-D   Document 174   Filed 01/16/15   Page 19 of 26

1   The Court recognizes its obligation to impose a
2   sentence sufficient but not greater than necessary to
3   comply with the purposes set forth in the statue.  The
4   Court has considered all arguments your lawyer has
5   made.  I have considered your statement.  I have
6   considered the position of the United States including
7   the government's motion under Section 5K1.1 U.S.C.
8   Section 3553(e).  I have also considered the advisory
9   guideline rang.
10                  Among other things I have to consider
11  the nature and circumstances of the offense and history
12  and characteristics of the defendant; the need for the
13  sentence imposed to reflect the seriousness of the
14  offense, to promote respect for the law and provide
15  just punishment; the need to deter others who might
16  choose to engage in criminal behavior that brings you
17  here; the need for the sentence imposed to protect the
18  public from further crime; the need for the sentence
19  imposed to provided you with needed educational and
20  vocational training and medical care and professional
21  treatment in the most effective manner.  The statue
22  lists a number of other factors.  I have considered all
23  those factors although I won't mention each one
24  individually.
25                      As for the nature and circumstances of

**Huseby, Inc.**                          **www.huseby.com**
**1230 West Morehead Street, #408, Charlotte, NC 28208**   **(704) 333-9889**
Case 4:12-cr-00057-D   Document 174   Filed 01/16/15   Page 20 of 26

1   the offense you did interfere with commerce by robbery

2   and aiding and abetting.  You did carry a

3   short-barrelled firearm during the relation a crime of

4   violence and aiding and abetting.  In connection with

5   the Food Lion robbery as described in Counts 1 and 2

6   there were apparently five employees and five customers

7   in the store and a driver in connection with that armed

8   robbery that took place in the Eastern District of

9   North Carolina.  It is a serious offense.

10              As for your history and

11   characteristics you're 24 years old.  You've been

12   involved in criminal activity for the last two years.

13   Robberies have been involved as I've described here

14   today in connection with the robbery that took place at

15   the smoke shop, the home invasion and then the robbery

16   of the Food Lion.  Those are serious offenses.  You do

17   have some college.  I have taken Mr. Martin at his word

18   that you are bright.  Your report indicates that you

19   were not incarcerated.  You were smoking approximately

20   four points of marijuana a day which obviously is not

21   conducive to clear thinking.  You do have some work

22   history, although not too much.

23              The Court will impose a sentence that

24   takes into account the substantial assistance that

25   you've provided in connection with the Cooley trial as

Huseby, Inc.                    www.huseby.com
1230 West Morehead Street, #408, Charlotte, NC 28208    (704) 333-9889
Case 4:12-cr-00057-D   Document 174   Filed 01/16/15   Page 21 of 26

1    described by Ms. Janssen.  You were apparently

2    instrumental in connection with that case.  I'll give

3    you credit for that.  You've also provided substantial

4    assistance according to Mr. Bennett's motion in this

5    case.  I'll give you credit for that.  I think you do

6    need to be incapacitated.  You certainly need to be

7    punished.  These are horrific crimes.  People go to

8    work at a place like Food Lion just trying to make

9    money to support their families and a group of thugs

10   come in with guns and curse at them and move them

11   around the store, get a few dollars.  It's disgraceful

12   behavior.  People engage in it knowing that they're

13   going to spend time in federal prison if they do it and

14   they come here -- and you will.

15              I will impose a sentence that takes

16   into account the entire record, your substantial

17   assistance.  I have fully considered the entire record

18   in this case; the Sentencing Reform Act of 1984.  It is

19   hereby the Supreme Court's decision, United States V.

20   Booker it is the judgement that the defendant Demario

21   Quientel Williams is hereby committed to the custody of

22   Bureau of Prisons to be in prison for a term of 37

23   months on Count 1 to be followed by 93 months

24   consecutive on Count 2 for a total term of 120 months.

25   Pursuant to the plea agreement Count 3 is dismissed.  I

Huseby, Inc.                          www.huseby.com
1230 West Morehead Street, #408, Charlotte, NC 28208        (704) 333-9889
Case 4:12-cr-00057-D   Document 174   Filed 01/16/15   Page 22 of 26

1   do direct that the sentence run concurrently to

2   whatever sentence he receives on pending state charges.

3   His place of service shall be within the NC DOC.

4              Upon release of your imprisonment the

5   defendant shall be placed on supervised release for

6   three years to run consistent three years on Count 1

7   and three years on Count 2 to run concurrently.  Within

8   72 hours of release from FCI Bureau of Prisons you

9   shall report personally to the probation office in the

10  district in which you are released.  While on

11  supervised release you shall not commit another

12  federal, state or local crime.  You shall not illegally

13  possess a controlled substance.  You shall not possess

14  a firearm or destructive device.  You shall comply with

15  the standard conditions adopted by this Court and

16  follow any additional conditions.  You will participate

17  as directed by probation in a program to treat narcotic

18  addiction and consent to a warrant to search.  You'll

19  cooperate in the collection of DNA.  You will pay a

20  special assessment of $200 which will be due

21  immediately.  I'm not going to impose a fine.

22              Mr. Williams, you can appeal your

23  conviction if you believe your guilty plea was somehow

24  unlawful or involuntary or there was some other

25  fundamental defect in the proceeding that was not

Huseby, Inc.                                   www.huseby.com
1230 West Morehead Street, #408, Charlotte, NC 28208     (704) 333-9889
Case 4:12-cr-00057-D   Document 174   Filed 01/16/15   Page 23 of 26

1  waived by your guilty plea.  You also have a statutory

2  right to appeal your sentence under certain

3  circumstances.  I belive you have entered into a plea

4  agreement that contains an appellate waiver.  I believe

5  you've waived your right to appeal your sentence.

6              If you believe that the waiver is

7  unenforceable or inapplicable for any reason you can

8  present that theory to the Appellate Court.  With few

9  exceptions the notice of appeal must be filed within 14

10 days of the judgment being entered on the docket in

11 your case.  If you are unable to pay the costs of an

12 appeal you may file forma pauperis.  If you so request,

13 the Court will prepare and file a notice of appeal on

14 your behalf.

15             I do believe I properly calculated the

16 advisory guideline range.  If, however, it is

17 determined that I did not announce pursuant to U.S. v.

18 Gomez-Jiminez 750 F. 3D. 370, Fourth Circuit 2014; U.S.

19 v. Hargrove 701 F. 3D. 156, Fourth Circuit 2013 that I

20 will impose a sentence as an alternative variance

21 sentence if I have miscalculated the advisory guideline

22 range.  Any other recommendations, Mr. Martin?

23             MR. MARTIN:  Your Honor, did the Court

24 recommend an intensive drug treatment program?

25             THE COURT:  I did.

**Huseby, Inc.**                          **www.huseby.com**
**1230 West Morehead Street, #408, Charlotte, NC 28208**      **(704) 333-9889**
Case 4:12-cr-00057-D   Document 174   Filed 01/16/15   Page 24 of 26

1                    MR. MARTIN:  Thank you.

2                    THE COURT:  Anything else from the

3      government?

4                        MR. BENNETT:  No, Your Honor.  Thank

5      you.

6                    THE COURT:  I thank counsel for the

7      work here today.  That will conclude the matter of

8      Mr. Williams.  Good luck to you, sir.

9                    (Proceedings adjourned at 9:34 a.m.)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Huseby, Inc.
www.huseby.com
1230 West Morehead Street, #408, Charlotte, NC 28208    (704) 333-9889
Case 4:12-cr-00057-D   Document 174   Filed 01/16/15   Page 25 of 26

1                    REPORTER'S CERTIFICATE

2

3        I, Leslie Christian, court reporter, do hereby

4    certify that the pages contained herein accurately

5    refect the notes taken by me, to the best of my

6    ability, in the above-styled action.

7        This the 15th day of December 2015.

8                                  *Leslie Christian*

9

10                                      Leslie Christian,

11                                      Court Reporter

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Huseby, Inc.                              www.huseby.com
1230 West Morehead Street, #408, Charlotte, NC 28208    (704) 333-9889
Case 4:12-cr-00057-D   Document 174   Filed 01/16/15   Page 26 of 26