1              UNITED STATES DISTRICT COURT

2          EASTERN DISTRICT OF NORTH CAROLINA

3                  EASTERN DIVISION

4

5    UNITED STATES OF AMERICA      )        **ORIGINAL**

6                                  )

7         V.                       )  4:12-CR-57-D-4

8                                  )

9    KWAMANE MONTE EVERETT         )

10

11

12        TRANSCRIPT OF SENTENCING PROCEEDINGS

13                November 18, 2014

14              9:34 a.m. - 10:12 a.m.

15    Before Chief District Judge James C. Dever III

16

17

18   APPEARANCES:
        For the Government:
19      John H. Bennett, Esquire
        Assistant U.S. Attorney
20      310 New Bern Avenue, Suite 800
        Raleigh, NC 27601
21
        For the Defendant:
22      Rosemary Godwin, Esquire
        Rosemary Godwin Attorney At Law
23      434 Fayetteville Street, Suite 1740
        Raleigh, NC 27601
24
     Reported by: Leslie Christian
25   Stenograph with Computer-Aided Transcription

**Huseby, Inc.**                          **www.huseby.com**
**1230 West Morehead Street, #408, Charlotte, NC 28208**          **(704) 333-9889**
Case 4:12-cr-00057-D   Document 175   Filed 01/16/15   Page 1 of 29

```
 1                 P R O C E E D I N G S

 2                 THE COURT:  Ms. Godwin, are you and

 3   Mr. Everett ready today?

 4                 MS. GODWIN:  We are, Your Honor.

 5                 THE COURT:  Mr. Bennett, is the

 6   government ready?

 7                 MR. BENNETT:  We are, Your Honor.

 8                 THE COURT:  At this time I would ask

 9   that Mr. Everett be sworn or affirmed.

10

11                 KWAMANE MONTE EVERETT,

12   Was duly sworn or affirmed.

13

14                 THE COURT:  Mr. Everett, do you

15   understand that having been sworn that your answers to

16   my questions are subject to the penalty of perjury?

17                 MR. EVERETT:  Yes, sir.

18                 THE COURT:  Have you taken any kind of

19   medicine or other substance in the last 48 hours that

20   would affect your ability to hear and understand these

21   proceedings?

22                 MR. EVERETT:  No, sir.

23                 THE COURT:  Do you know why you're

24   here today?

25                 MR. EVERETT:  Yes, sir.
```

Case 4:12-cr-00057-D   Document 175   Filed 01/16/15   Page 2 of 29

1          THE COURT:  Ms. Godwin, do you have

2   any reason to doubt Mr. Everett's competence to go

3   forward today?

4          MS. GODWIN:  No, Your Honor.

5          THE COURT:  Does the government have

6   any reason to doubt Mr. Everett's competence to go

7   forward today?

8          MR. BENNETT:  No, Your Honor.

9          THE COURT:  Based on Mr. Everett's

10  answers to my questions, my observations of Mr. Everett

11  and the answers from counsel I find that Mr. Everett is

12  competent to go forward here today.

13          Mr. Everett, as you know, you're here

14  today having entered a plead of guilty to the charge of

15  interference with commerce by robbery and aiding and

16  abetting and using or carrying a short-barrel firearm

17  during the relation of violence and aiding and

18  abetting.  These are Counts 1 and 2.  You pled guilty

19  to those charges.

20          In light of some cases from the

21  Supreme Court of the United States including the

22  Booker, Rita, Gall, Kimbrough, Spears and Nelson cases

23  the guidelines are no longer mandatory, they're

24  advisory.  Nevertheless, in accordance with those cases

25  and some cases from the Fourth Circuit interpreting

**Huseby, Inc.**                              **www.huseby.com**
**1230 West Morehead Street, #408, Charlotte, NC 28208      (704) 333-9889**
Case 4:12-cr-00057-D   Document 175   Filed 01/16/15   Page 3 of 29

1  them including the Carter, Pauly and Evans cases the

2  sentencing court still must take into account the now

3  advisory guideline.

4              The Court does this by initially

5  making findings of fact and calculating the advisory

6  guideline range.  The Court will then consider any

7  motion that might be made that might move the range

8  either up or down.  The Court will then consider all

9  arguments your attorney makes and any statement you

10  would like to make, any victim allocution, any

11  arguments of the Assistant United States Attorney.

12  I'll then determine your sentence and announce it here

13  in court today.  That will be the process we'll follow.

14  Ms. Godwin, did you receive a copy of the presentence

15  report?

16              MS. GODWIN:  I did, Your Honor.

17              THE COURT:  Mr. Everett, did you

18  receive a copy of that report?

19              MR. EVERETT:  Yes, sir.

20              THE COURT:  Did you speak with your

21  lawyer Ms. Godwin about that report?

22              MR. EVERETT:  Yes, sir.

23              THE COURT:  At this time the Court

24  directs that the presentence report be placed in the

25  record under seal in accordance with Rule 32 of the

**Huseby, Inc.**                                    **www.huseby.com**
**1230 West Morehead Street, #408, Charlotte, NC 28208**        **(704) 333-9889**
Case 4:12-cr-00057-D   Document 175   Filed 01/16/15   Page 4 of 29

1    Federal Rules of Criminal Procedure.  The Court accepts

2    as accurate the presentence report except its matters

3    in dispute as set forth in the addendum.  The Court has

4    reviewed the entire report including the addendum.  The

5    addendum indicates there are no objections from either

6    the government or the defense.  Ms. Godwin, is it still

7    the case no objections from the defense?

8                    MS. GODWIN:  That's correct, Your

9    Honor.

10                   THE COURT:  Is that correct,

11   Mr. Everett?

12                   MR. EVERETT:  Yes, sir.

13                   THE COURT:  Is that still the case

14   with respect to the government as well?

15                   MR. BENNETT:  Yes, sir, it is.

16                   THE COURT:  For the purposes of Booker

17   and its progeny the total offense level is 21.  The

18   criminal history category is one.  The advisory

19   guideline range is 37 to 46 months on Count 1.  On

20   Count 2 it is 120 months consecutive to whatever the

21   sentence is on Count 1.  Does the government object to

22   that advisory guideline range?

23                   MR. BENNETT:  No, Your Honor.

24                   THE COURT:  Does the defense object to

25   that advisory guideline range?

Case 4:12-cr-00057-D   Document 175   Filed 01/16/15   Page 5 of 29

1          MS. GODWIN:  No, Your Honor.

2          THE COURT:  I'll hear from the

3    government in connection with this motion under Section

4    5K1.1, 18 U.S.C. Section 3553(e).

5          MR. BENNETT:  Your Honor, thank you.

6    Actually, before I start let me go ahead and put on the

7    record that in this case the victims have been notified

8    and none are present today.  My motion is in front of

9    you including a recommendation again to turn to

10   Ms. Janssen about the details of Mr. Everett's

11   cooperation in the state case.

12         THE COURT:  Okay.

13         MS. JANSSEN:  Good morning.

14         THE COURT:  Good morning.

15         MS. JANSSEN:  Mr. Everett's

16   cooperation kind of fell in between timelines with

17   Mr. Haddock and Mr. Williams.  We began -- Ms. Godwin

18   and I began very early on the process of him

19   cooperating and I know that she had some very long

20   discussions with him.  I think it weighed very heavily

21   with him for a long time in terms of potential

22   consequences and I think not necessarily legal

23   consequences of his testifying but potential other

24   consequences.

25              In making his decision he actually

**Huseby, Inc.**                    **www.huseby.com**
**1230 West Morehead Street, #408, Charlotte, NC 28208**      **(704) 333-9889**
Case 4:12-cr-00057-D   Document 175   Filed 01/16/15   Page 6 of 29

1   allowed me to come out with Ms. Godwin at one point in

2   December of 2012 I believe -- at least late in the year

3   2012 -- and talk with him for a long time without any

4   kind of an agreement in place about what -- I think he

5   wanted to get a sense of me and whether or not he could

6   trust me to keep my word.  And I got to find out a

7   little bit about him and whether I could trust that he

8   would do the same.

9                    Shortly thereafter after that meeting

10  he provided information in the same fashion that

11  Mr. Haddock did.  He provided -- or excuse me.

12  Mr. Williams.  He provided me a proffer through his

13  lawyer that detailed a number of robberies not

14  involving the homicide that I had specifically

15  requested information on.  I told him I was going to

16  use that as a true test, a barometer, of how willing he

17  was to be completely forthcoming not only about

18  everyone else who's involved but his own -- and that

19  proffer was detailed.  It was more than satisfactory

20  and convinced me that he would be honest and completely

21  honest about the opportunity to cooperate with the

22  homicide case.

23                    So after that we went back to Ms.

24  Godwin and we said that we agreed with him -- the same

25  homicide detectives that had worked the case.  He was

**Huseby, Inc.**                    **www.huseby.com**
**1230 West Morehead Street, #408, Charlotte, NC 28208      (704) 333-9889**
Case 4:12-cr-00057-D   Document 175   Filed 01/16/15   Page 7 of 29

1  actually -- like, all three of -- all three of these

2  defendants were very forthcoming; he was truthful.  He

3  did not go about any self-minimizing in his behaviors.

4  He was ultimately the driver in the robbery that

5  culminated in Mr. Mohram's homicide.  He did not go

6  into the store but waited out in the vehicle and then

7  was the driver afterwards.

8           He went through taking us through the

9  maps and indicating their path of travel that evening

10 which was at that point in time very helpful for us

11 because at that point Mr. Haddock had been the only one

12 to come forward, and we were initially suspect of

13 Mr. Haddock's claim that he was not involved and of the

14 course of events that he laid out for the rest of the

15 evening.

16           Mr. Everett immediately confirmed for

17 us that Mr. Haddock was telling the truth that he was

18 not involved with that particular evening and did not

19 go with them.  He also helped follow and confirm the

20 course of events as Mr. Haddock had laid them out and

21 let me know that not only was Mr. Haddock being honest

22 with us about the course of events but was being honest

23 about everything he knew about the events of that

24 evening.

25           Mr. Everett as it came out was in his

**Huseby, Inc.**                    **www.huseby.com**
**1230 West Morehead Street, #408, Charlotte, NC 28208    (704) 333-9889**
Case 4:12-cr-00057-D   Document 175   Filed 01/16/15   Page 8 of 29

1   group place responsible for disposing of the murder

2   weapon after the homicide.  It was a couple of weeks

3   after the homicide had taken place.  We didn't know

4   that.  That was something he volunteered to us and

5   shared with us.  That was not something that

6   Mr. Haddock had shared with us, and I don't know that

7   it was something Mr. Haddock knew.  But he voluntarily

8   gave us that bit of information and actually took the

9   Raleigh officers out to where he had buried it.  He had

10  buried it at a home -- in the backyard of an

11  acquaintance in Durham.  RPD was able to make contact

12  with the current resident of the house who was actually

13  different than the resident had been at the time.  This

14  was on a very wet, cold, rainy night.

15             Kwamane and Ms. Godwin and several

16  Raleigh detectives went out with metal detectors and

17  shovels and attempted to locate the firearm.  As time

18  went by and they were not having any luck Mr. Everett

19  was allowed to make some phone calls to some

20  associates, and it was learned that when the

21  acquaintance who lived in that house left the house he

22  had removed that firearm and took it with him.

23             It is not my belief that that person

24  would ever have been uncooperative in any way with the

25  State in terms of either admitting to having that

**Huseby, Inc.**                          **www.huseby.com**
**1230 West Morehead Street, #408, Charlotte, NC 28208**          **(704) 333-9889**
Case 4:12-cr-00057-D   Document 175   Filed 01/16/15   Page 9 of 29

1  firearm or returning that firearm to the State.  But

2  for whatever it's worth, Your Honor, I do believe with

3  what the detectives were able to verify about that

4  resident and its former resident I believe it's

5  Mr. Everett telling us the truth that it was not a wild

6  goose chase.  It simply was a little too much time had

7  gone by.

8               Again, his participation in being one

9  of the people involved that night I think was very --

10 made a great impression on the jury especially speaking

11 with the jury afterwards.  If all three of them had not

12 come in and told the truth and both implicated

13 themselves as well as identifying Mr. Colley the jury

14 would have been left with a good-quality video but

15 still just a surveillance video and not the kind like

16 on TV where you magically zoom in and make features

17 more clear.  And I don't know that without the three of

18 them doing what they did and being as honest and

19 forthcoming as they were that we would have obtained a

20 conviction in that case.

21              I will tell you that the man who died

22 in that case was beloved among the North Raleigh

23 community.  When we went out canvassing -- finding

24 folks who had been in the store the previous hours

25 before from all walks of life, races, genders and ages

Huseby, Inc.                                    www.huseby.com
1230 West Morehead Street, #408, Charlotte, NC 28208     (704) 333-9889
Case 4:12-cr-00057-D   Document 175   Filed 01/16/15   Page 10 of 29

1    we couldn't find not a single person that didn't have

2    wonderful things to say about Mr. Mohram.  And to hear

3    the residents of that community talk about his death

4    took quite a toll on that community.  He was -- it

5    seems like he was kind of the universal gatherer of

6    people.  Laos, white, Asian, Hispanic kids, moms,

7    single moms, dads -- everyone came into that store and

8    cared a great deal about him, and he was generous in

9    giving back to that community.

10                    Afterwards, a couple of the regulars

11    at that store told me that their relations between the

12    different types of people, groups of people that lived

13    in that neighborhood and came in that store fell apart

14    somewhat and they attributed it to his death and his

15    lack of prejudice in the community.

16                    And I tell you that just to give you

17    some sense of how important it was to this case that we

18    attain a conviction in his homicide and to his family.

19    The plea agreements that were made with all of three of

20    the testifying plea defendants were made with the

21    greatest approval of Mr. Mohram's family members.  They

22    were incredibly supportive, and they showed an

23    incredible amount of trust in our office in handling

24    this.  And this defendant, he played a major role in

25    that.  Each one of the three kind of played a different

**Huseby, Inc.**                                    **www.huseby.com**
**1230 West Morehead Street, #408, Charlotte, NC 28208**        **(704) 333-9889**
Case 4:12-cr-00057-D   Document 175   Filed 01/16/15   Page 11 of 29

1  role in offering a different perspective to the jury.

2  I don't know that without all three of them that this

3  investigation would have been attainable.

4                    THE COURT:  Thank you, Ms. Janssen.

5  Mr. Bennett.

6                    MR. BENNETT:  Your Honor, again,

7  you've heard the summary.  There were all -- I think it

8  was very well put that it was puzzling without these

9  three separate pieces of the puzzle that conviction

10  would not have happened.  Because they cooperated in

11  the federal -- in the instant case which brings him

12  here today.  Mr. Cooley will be answering to that soon

13  and we'll see what Mr. Cooley does.  If he decides he

14  wants a jury trial then we'll see Mr. Everett again

15  along with his co-defendants in terms of continuing

16  cooperation.

17                    You Honor, you're analyzing these.  I

18  think Mr. Everett is probably caught in the middle

19  between Mr. Williams and Mr. Haddock.  Mr. Haddock knew

20  but didn't go.  Mr. Everett drove but didn't go in.

21  Mr. Williams went in and witnessed Mr. Cooley's

22  actions.  But balancing all of that and the cooperation

23  involved we're going to ask again a recommendation

24  including the concurrent sentences.  That is what we're

25  asking the Court to do today.  Thank you.  Your Honor,

Huseby, Inc.                        www.huseby.com
1230 West Morehead Street, #408, Charlotte, NC 28208      (704) 333-9889
Case 4:12-cr-00057-D   Document 175   Filed 01/16/15   Page 12 of 29

1   if you have any other questions about what he's pled to

2   in State Court again I would defer to Ms. Janssen if

3   you have those questions.

4                    THE COURT:  Yeah, I would like to know

5   that.

6                    MS. JANSSEN:  Your Honor, he's plead

7   guilty to one count in relation to the theft of Hagwar

8   and robbery of the Tobacco Mart on December 2nd, 2011.

9   He plead guilty to one count of robbery.  This wasn't a

10  conspiracy to commit robbery.  This wasn't a deemed

11  accessory after the fact first-degree murder.  He also

12  plead guilty to three separate counts of robbery with a

13  dangerous weapon on unrelated cases in the various

14  different robberies that this group participated in in

15  Wake County.

16                   THE COURT:  Is it all in front of

17  Judge Ridgeway?

18                   MS. JANSSEN:  It will all be in front

19  of Judge Ridgeway.  We are attempting to get

20  Mr. Everett's sentence for tomorrow morning or Friday

21  morning.

22                   THE COURT:  What's your recommendation

23  on that case?

24                   MS. JANSSEN:  My recommendation for

25  him will be 180 months.  Again, it's obviously in Judge

**Huseby, Inc.**                                      **www.huseby.com**
**1230 West Morehead Street, #408, Charlotte, NC 28208        (704) 333-9889**
Case 4:12-cr-00057-D   Document 175   Filed 01/16/15   Page 13 of 29

1 Ridgeway's discretion although he will not receive less

2 than 180 months.  That will be what I will request.  It

3 is my belief that that's what Judge Ridgeway will do.

4                    THE COURT:  Thank you.  At this time

5 I'll hear from Ms. Godwin.  Then I'll hear from Mr.

6 Everett.

7                    MS. GODWIN:  Thank you, Your Honor.

8 To follow up with Ms. Janssen for just a moment, she is

9 correct in that Mr. Everett drove with the decision to

10 cooperate and he chose the consequences unrelated to

11 the legal matters.  It was a man that I can tell you

12 from spending these years with now that has only talked

13 throughout his detention about the wellbeing of his

14 family, his girlfriend Sara, the children, his

15 grandmother, his mother, his father.  He very rarely

16 speaks of himself, and his worries or concerns about

17 the future are something he talks about only in context

18 with how he can become a better parent and son for his

19 family.

20                    That's one of the reasons I had him

21 evaluated is because in meeting with him so many times

22 and watching him struggle emotionally to the depth that

23 he did with these circumstances I felt that he was

24 different than a lot of the individuals that I come in

25 contact with who were charged with the exact similar

**Huseby, Inc.**                    **www.huseby.com**
**1230 West Morehead Street, #408, Charlotte, NC 28208**    **(704) 333-9889**
Case 4:12-cr-00057-D   Document 175   Filed 01/16/15   Page 14 of 29

 1   things.  Although I trust my intuition a great deal

 2   after many, many years of sitting in these jails I

 3   decided that Dr. Hilfy do an evaluation just to test my

 4   intuition, and it was exactly as I anticipated that he

 5   just doesn't fit the typical profile.

 6                What made the big difference to him in

 7   this decision to cooperate was when Ms. Janssen came to

 8   meet with him at the Wake County Jail at looked at him

 9   and said I want you to help me get justice for this.

10                I was there during that meeting and

11   she did not promise him anything.  They talked a long

12   time just person to person about what happened at the

13   tobacco store, the impact it made on the family and her

14   role and her job.  When she left he told me that he

15   believed he would take the risk of the consequences

16   that he faced in other ways, and he believed that she

17   did the right thing by him as well.

18                He stepped out of blind fate with

19   Ms. Janssen's presentation with him and fulfilled his

20   obligations, and he ended up with a plea agreement that

21   he believes that is a result of his role in offering

22   conduct.  I will tell you that it was not a planned

23   robbery.  They left and --

24                THE COURT:  Which one?

25                MS. GODWIN:  And this doesn't matter.

**Huseby, Inc.**                    **www.huseby.com**
**1230 West Morehead Street, #408, Charlotte, NC 28208     (704) 333-9889**
Case 4:12-cr-00057-D   Document 175   Filed 01/16/15   Page 15 of 29

1  It doesn't matter at all but just to sort of round it

2  out, Mr. Everett was a passenger in the car that night

3  and pulled into the robbery and the other two went in

4  and while he was sitting there slid into the driver's

5  seat and became the getaway driver.

6                    He was very upset and troubled

7  afterwards and, as Dr. Hilfy pointed out, throughout

8  this period of time he continued to be very troubled by

9  that.  He's a young man that was not tracking to be

10  here.  You've looked at his history.  He had one simple

11  assault in 2008, but as pointed out he's a fairly good

12  student.  He's been married twice and reserved and

13  never a troublemaker.  His father sort of in a bit of

14  humor told me that they had a daughter that was running

15  wild all the time and that they could never keep her

16  out of trouble but that Kwamane was always a gentleman.

17  They would never have anticipated him moving into a

18  group of associates and becoming a part in those

19  activities.

20                    Two things that were not in the memo

21  that I wanted to make the Court aware of because I do

22  think the past often predicts the future -- we've got a

23  window of criminal activity that he has to answer for,

24  and whatever sentence the Court chooses whether it's

25  what the government recommends or something in between

**Huseby, Inc.**                    **www.huseby.com**
**1230 West Morehead Street, #408, Charlotte, NC 28208**    **(704) 333-9889**
Case 4:12-cr-00057-D   Document 175   Filed 01/16/15   Page 16 of 29

1  Haddock and Mr. Williams it's a substantial sentence;

2  it's a meaningful sentence and it would take a good

3  segment of this young man's life to fulfill that

4  sentence.

5                    Prior to becoming involved with this

6  group he had made a decision -- as you know, he left

7  high school but went immediately and got his GED.  No

8  one made him do it.  He wanted it.  So he went and got

9  it and then he went to enlist in the Army.  He wanted

10  to be in the military, and he started out trying to get

11  into the National Guard.  It's harder to get into the

12  Army now because of the economy.  And he learned that

13  because he had a GED instead of a high school diploma

14  -- he passed the other entrance requirements but they

15  would not accept him without some college courses.

16  They wanted him to come back with more education, and

17  during that window, as he says, he was hanging out with

18  these guys and became more involved with them.

19                    He doesn't blame marijuana use on his

20  poor decisions, but he does believe there -- he

21  describes that window of time as more marijuana use and

22  the more he was living in a fog.  He did not come out

23  of that fog until he was detained.  We've talked about

24  the residential drug abuse program at the Bureau of

25  Prisons which -- because of the gun charge he may not

**Huseby, Inc.**                    **www.huseby.com**
**1230 West Morehead Street, #408, Charlotte, NC 28208    (704) 333-9889**
Case 4:12-cr-00057-D   Document 175   Filed 01/16/15   Page 17 of 29

1  ever be able to get into.  If he does get into it I

2  don't believe it will allow him to get a sentence

3  reduction the way I read the website about it.  But he

4  would like to be recommended for it even if it doesn't

5  benefit him on the sentence because he believes very

6  strongly that he's in need of that.  I made some

7  reference in the memo to his family situation.  He

8  believes he's got a genetic disposition to addiction.

9  And if it's there available to him in prison he wants

10  to take advantage of it.  He has heard while he's been

11  incarcerated that other inmates have found it to be

12  extremely beneficial to them.

13              His family is here, his grandmother

14  Lucy Everett.  Kwamane says she walked on water.  He

15  has a great deal of respect for her.  She's had a large

16  role in raising him.  He would be the first to tell you

17  she did not raise him to behave in the manner that he

18  did.  His father is here today, his girlfriend Sara.

19  They've been together for seven years.  They have two

20  children together.  I think that's important because it

21  shows that Mr. Everett has the capacity for

22  substantial, long-term, emotional relationships.

23              He thinks constantly about how he's

24  going to provide for his children when he comes home.

25  He and Sara have the maturity to recognize the

**Huseby, Inc.**                           **www.huseby.com**
**1230 West Morehead Street, #408, Charlotte, NC 28208    (704) 333-9889**
Case 4:12-cr-00057-D   Document 175   Filed 01/16/15   Page 18 of 29

1  incarceration and what the consistent separation will

2  place on their relationship.  And rather than bickering

3  about it and going through some of the antics we often

4  see with clients and girlfriends they've spent a lot of

5  time talking about how they can move over these next

6  few years and keep their commitment to each other in

7  the ways that they can and their importance to the

8  children.

9                      I think that speaks well from

10 Mr. Everett's maturity.  While he was in Wake County

11 Jail he was a trustee.  One of Everett's family has

12 provided him some money.  They're on disability.  There

13 were financial issues.  His girlfriend has some health

14 problems and difficulty working and he was very pleased

15 and happy to be able to be placed in the position of

16 trustee which also speaks well for how he's handled

17 himself as a gentleman while at the Wake County Jail.

18 He is asking that the Court consider a recommendation

19 for Butner and Bennettsville or somewhere close to

20 here.

21                      I can tell you and Dr. Hilfy confirmed

22 it but I may be the better judge of it than him since I

23 spent so much time with him early on, but the grief of

24 being separated from his family was so overwhelming and

25 guilt -- I mean, Mr. Everett has the capacity to

Huseby, Inc.                                    www.huseby.com
1230 West Morehead Street, #408, Charlotte, NC 28208        (704) 333-9889
Case 4:12-cr-00057-D   Document 175   Filed 01/16/15   Page 19 of 29

1  understand right and wrong.  And his gravity and his

2  guilt were so overwhelming that it took almost that

3  whole first year of representing him to get him to

4  really come into the legal situation with me.  Finally

5  we got there and not because he was stonewalling but

6  because it was just all grief and guilt.  That's all we

7  could talk about.  I kept telling him just move on.

8  We've got to get to the case but he just -- it didn't

9  matter to him.  The case itself did not matter to him

10 and the consequences legally were not driving him.  It

11 was just coming to terms with the things he had done

12 and his family and what he was losing and what the

13 victim has lost.  That was pretty much the whole first

14 year of our relationship.

15             I would say we got past that and got

16 to where we could move forward, and he's committed to

17 the process, committed to the cooperation and is here

18 asking this Court -- obviously we would ask that the

19 Court place the government's recommendation.  We

20 understand the Court's analysis and particularly

21 listening to Mr. Williams's sentencing and trust the

22 Court to do what's appropriate for Mr. Everett.

23             THE COURT:  Thank you, Ms. Godwin.  At

24 this time I'll hear from Mr. Everett if you would like

25 to make a statement, sir.

**Huseby, Inc.**                                    **www.huseby.com**
**1230 West Morehead Street, #408, Charlotte, NC 28208    (704) 333-9889**
Case 4:12-cr-00057-D   Document 175   Filed 01/16/15   Page 20 of 29

1        MR. EVERETT:  I would like to say that

2    at the time that this offense took place I was young

3    and really wasn't looking forward to anything in life.

4    Now I see and realize that these three years I've got a

5    beautiful girlfriend that -- with me being locked up

6    she's been with me the whole time.  My family is

7    supportive.  I want to apologize to them for being out

8    of their life at this time.  While I'm away I'm going

9    to take advantage of everything that I can and take the

10   classes and programs and put it between myself.  I just

11   want to say I apologize for my actions.

12        THE COURT:  Thank you, Mr. Everett.

13   At this time I'll hear from Mr. Bennett.

14        MR. BENNETT:  Your Honor, we have

15   nothing else to add.  Thank you.

16        THE COURT:  And Mr. Everett was -- he

17   went into the store at the Food Lion?

18        MR. BENNETT:  He did.

19        THE COURT:  All right, Mr. Everett.

20   The Court recognizes its obligation to impose a

21   sentence sufficient but not greater than necessary to

22   comply with the purposes set forth in the statute.  I

23   have considered all arguments that Ms. Godwin has made.

24   I have considered your statement.  I have considered

25   the position of the United States including the

**Huseby, Inc.**                    **www.huseby.com**
**1230 West Morehead Street, #408, Charlotte, NC 28208**    **(704) 333-9889**
Case 4:12-cr-00057-D   Document 175   Filed 01/16/15   Page 21 of 29

1    government's motion under Section 5K1.1 and 18 U.S.C.

2    Section 3553(e).

3                    I have considered the advisory

4    guideline range.  Among other things I have considered

5    the nature and circumstances of the offense and the

6    history and characteristics of the defendant; the need

7    for the sentence imposed to reflect the seriousness of

8    the offense, to promote respect for the law and to

9    provide just punishment; the need for the sentence

10   imposed to deter others who might choose to engage in

11   the criminal behavior that brings you here; the need

12   for the sentence imposed to protect the public from

13   further crime by you; the need for the sentence imposed

14   to provide you with needed educational and vocational

15   training, medical care or other correctional treatment

16   in the most effective manner.

17                   The statute lists a number of other

18   factors.  I have considered them all although I won't

19   name each one individually.  As for the nature and

20   circumstances of the offense, you did interfere with

21   commerce by robbery and aiding and abetting.  You did

22   use or carry a short-barrel firearm during the

23   relations of the crime of violence and aiding and

24   abetting in connection with the Food Lion robbery in

25   Pitt County within the Eastern District of North

Huseby, Inc.                          www.huseby.com
1230 West Morehead Street, #408, Charlotte, NC 28208    (704) 333-9889
Case 4:12-cr-00057-D   Document 175   Filed 01/16/15   Page 22 of 29

1    Carolina.

2              You were one of the individuals who
3    went into the store that night.  You were holding one
4    of the weapons.  Five people working there, five
5    customers in there undoubtedly terrified when they
6    realized that the store was being robbed.  Certainly
7    the folks working there were just trying to make a
8    living to support their family in an honest way.  The
9    people shopping there are just trying to buy food for
10   themselves and their family and a crew comes in and
11   robs a store.  So it is a very serious offense of
12   conduct.

13             As for your history and
14   characteristics you're 24 years old.  You did get your
15   GED.  You have some work history, not too much.  You
16   obviously during the offense here as the Court
17   indicates were smoking a lot of marijuana which I don't
18   believe anyone tells you was harmless.  I don't believe
19   anyone tells you that that's a person's judgment.  You
20   created a fog in your brain.  It's poor decision
21   making.  It's absolutely terrible decision making and
22   certainly I think was a contributor for you.  You did
23   participate in connection with this other robbery where
24   an individual died.  Again, they were just operating a
25   store.  You're the getaway driver in that instance.

Huseby, Inc.                                www.huseby.com
1230 West Morehead Street, #408, Charlotte, NC 28208        (704) 333-9889
Case 4:12-cr-00057-D   Document 175   Filed 01/16/15   Page 23 of 29

1   You also participated in these other robberies.

2                   I have read the information about the

3   manner in which you were reared.  Certainly you knew

4   better and chose to behave in a manner inconsistent

5   with what I am sure you learned growing up.  You need

6   to be incapacitated.  There is a need for deterrence.

7   I will give you credit.  Ms. Janssen has detailed how

8   important you were in connection with the Cooley trial

9   so you'll get credit for that today.  It will save you

10  a lot of time you would otherwise spend in prison.

11                  At least you've tried to make right a

12  wrong that ultimately can't be made right.  It looks

13  like you did what you could when you could.  So I'll

14  give you credit for that today as appropriate fashion

15  and just punishment.  I have granted the government's

16  motion under Section 3553(e).  I have recognized the

17  need to avoid an unwarranted sentencing disparity.  I

18  have taken into account the robbery that brings us

19  here, your role in cooperation, your role in the other

20  robberies, your role in connection with the robbery

21  that resulted in the homicide.

22                  I have fully considered the entire

23  record in the case.  Pursuant to the Sentencing Reform

24  Act of 1994 and in accordance with the Supreme Court's

25  decision, the United States v. Booker it is the

**Huseby, Inc.**                    **www.huseby.com**
**1230 West Morehead Street, #408, Charlotte, NC 28208     (704) 333-9889**
Case 4:12-cr-00057-D   Document 175   Filed 01/16/15   Page 24 of 29

1  judgment of the Court that the defendant Kwamane Monte

2  Everett is hereby committed to the custody of Bureau of

3  Prisons to be in prison for a term of 37 months on

4  Count 1, a term of 87 months on Count 2 for a total

5  sentence of 114 months.  Pursuant to the plea agreement

6  Count 3 is hereby dismissed.  The sentence will be

7  served concurrent with whatever his state sentence is.

8  You can designate to serve his sentence with the NC

9  DOC.

10              Upon release from imprisonment the

11  defendant shall be placed on supervised release for a

12  term of three years -- three years on Count 1 and three

13  years on Count 2.  All such terms shall run

14  concurrently.  Within 72 hours of release from the

15  custody of Bureau of Prisons you shall report in person

16  to the probation office in the district in which you

17  are released.  Following supervised release you shall

18  not commit another federal, state or local crime.  You

19  shall not illegally possess a controlled substance.

20  You shall not possess a firearm.  You shall comply with

21  the standard conditions and the following condition or

22  conditions: You will participate as directed in a

23  program approved by probation for the treatment of

24  narcotic addiction.  You will consent to a local search

25  in accordance with the standard conditions of the

**Huseby, Inc.**                              **www.huseby.com**
**1230 West Morehead Street, #408, Charlotte, NC 28208**      **(704) 333-9889**
Case 4:12-cr-00057-D   Document 175   Filed 01/16/15   Page 25 of 29

1    district.  You will cooperate in the collection of DNA.

2                    I'm not going to impose a fine.  If

3    you serve your sentence in the Federal Bureau of

4    Prisons you will have a job while you're incarcerated.

5    Any money you earn will go to support your children.  I

6    know you've supported your children while you're

7    incarcerated.

8                    Mr. Everett, you can appeal your

9    conviction if you believe that your guilty plea was

10   somehow unlawful or involuntary or there was some other

11   fundamental defect in the proceeding that was not

12   waived by your guilty plea.  You also have a statutory

13   right to appeal your sentence under certain

14   circumstances particularly if you feel your sentence is

15   contrary to law.  I believe you entered into a plea

16   agreement that contains an appellate waiver.  I believe

17   you've waived your right to appeal your sentence.  If

18   you believe the waiver is unenforceable or inapplicable

19   for any reason you can present that theory to the

20   Appellate Court.  With few exceptions the notice of

21   appeal must be filed within 14 days of the judgment

22   being entered on the docket in your case.

23                   If you're unable to pay the costs of

24   an appeal you may file in forma pauperis.  If you so

25   request, the Court will prepare and file a notice of

**Huseby, Inc.**                               **www.huseby.com**
**1230 West Morehead Street, #408, Charlotte, NC 28208**    **(704) 333-9889**
Case 4:12-cr-00057-D   Document 175   Filed 01/16/15   Page 26 of 29

1  appeal on your behalf.  In accordance with the request

2  I will recommend you serve your sentence at either FCI

3  Butner or FCI Bennettsville.  I will recommend the RI

4  program.  I will recommend assessment and treatment as

5  needed.  I recommend that you participate in vocational

6  and educational programs.

7              I do believe I've properly calculated

8  the advisory guideline range.  If, however, I haven't I

9  announce as an alternative varying sentence that I will

10  impose the same sentence.  I have fully considered all

11  3553(a) factors in light of U.S. v. Gomez-Jiminez 750

12  F. 3D. 370, Fourth Circuit 2014; U.S. v. Hargrove 701

13  F. 3D. 156, Fourth Circuit 2012.  Are there any other

14  recommendations that you wanted to make?

15              MS. GODWIN:  The only other one is if

16  the Court would consider recommending mental health

17  counselling.

18              THE COURT:  I did.

19              MS. GODWIN:  Okay.  I missed that.

20  I'm sorry.

21              THE COURT:  Mr. Bennett?

22              MR. BENNETT:  Nothing further, Your

23  Honor.

24              THE COURT:  I thank counsel for their

25  work here today.  That will conclude the matter of

**Huseby, Inc.**                           **www.huseby.com**
**1230 West Morehead Street, #408, Charlotte, NC 28208    (704) 333-9889**
Case 4:12-cr-00057-D   Document 175   Filed 01/16/15   Page 27 of 29

1   Kwamane Monte Everett.

2                   (Proceedings adjourned at 10:12 a.m.)

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**Huseby, Inc.**                                        **www.huseby.com**
**1230 West Morehead Street, #408, Charlotte, NC 28208        (704) 333-9889**
Case 4:12-cr-00057-D   Document 175   Filed 01/16/15   Page 28 of 29

```
 1                    REPORTER'S CERTIFICATE

 2

 3        I, Leslie Christian, court reporter, do hereby

 4    certify that the pages contained herein accurately

 5    refect the notes taken by me, to the best of my

 6    ability, in the above-styled action.

 7        This the 16th day of January 2015.

 8

 9

10                                  Leslie Christian,

11                                  Court Reporter

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

**Huseby, Inc.**                                **www.huseby.com**
**1230 West Morehead Street, #408, Charlotte, NC 28208**    **(704) 333-9889**
Case 4:12-cr-00057-D   Document 175   Filed 01/16/15   Page 29 of 29